\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| Construction Contractors Employer Group, LLC<br>1845 Collingwood Boulevard<br>Toledo, OH  43604 | : <br> : <br><br>: | Case No. <br><br>JUDGE <br><br>**COMPLAINT FOR DECLARATORY** |
| Plaintiff, | : | **JUDGMENT AND MONETARY** |
| vs. | : | **DAMAGES** |
| | : | |
| Federal Insurance Company<br>15 Mountain View Road<br>Warren, New Jersey  07061 | : <br><br>: | |
| Defendant. | : <br><br>: | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

For its complaint against defendant Federal Insurance Company, plaintiff Construction

Contractors Employer Group, LLC states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 28 U.S.C. §1332; the parties are citizens of different states; and the amount in controversy well exceeds $75,000.00, exclusive of interest and costs.

2.      This action is brought by Plaintiff for, *inter alia*, declaratory relief pursuant to 28 U.S.C. §§2201 and 2202.  Venue is proper under 28 U.S.C. §1391.

## THE PARTIES

3.      Plaintiff Construction Contractors Employer Group, LLC ("CCEG") is an Ohio limited liability company, formed on or about December 14, 2001.

4.      Defendant Federal Insurance Company ("Federal") is an insurance company incorporated in the state of Indiana, with its principal place of business in the state of New Jersey, and is engaged in the business of selling contracts of insurance.  Federal is licensed to do business and does business in the state of Ohio.

## INSURANCE POLICY AT ISSUE

5.      Federal issued to CCEG a "ForeFront Portfolio 3.0" policy of insurance, bearing policy number 82347801, with a policy period from March 22, 2013 through July 1, 2013 (the "Federal Policy").  Due to its length, a copy of the Federal Policy is not attached to this Complaint.  The Federal Policy contains, *inter alia*, a Crime Coverage Part which provides CCEG with crime coverage with limits of $1,000,000.

## COMMON UNDERLYING FACTS

6.      Associated General Contractors of Northwest Ohio ("AGC") is an Ohio not-for-profit corporation.  AGC is a trade organization for commercial construction contractors located in Northwest Ohio.

7.      Plaintiff CCEG is a subsidiary of AGC.  CCEG is a professional employer organization, formed to serve the needs of construction-industry employers, *i.e.*, members of AGC and other similar trade organizations (hereafter "Subscribers"), and to reduce the cost of labor by controlling workers compensation costs.

8.      On or about April 30, 2002, CCEG entered into a Management Services Agreement with AlphaCare Services, Inc. ("ACS"), an Ohio corporation.  William H. Cook III ("Cook"), John E. Moon ("Moon") and Gerald L. Tillman ("Tillman") are or were officers, directors and shareholders of ACS.

9.      Pursuant to the Management Services Agreement, CCEG engaged ACS to manage the day-to-day operations of CCEG, and to perform a variety of other duties as described in the Management Services Agreement.

10.      One of ACS's duties pursuant to the Management Services Agreement was to manage the payroll for CCEG's Subscribers.  Subscribers would transmit to CCEG funds (either electronically or via check) equal to their gross payroll, plus an additional amount necessary to cover taxes, benefits, and administrative costs.  ACS would then cause payroll checks to be issued to the Subscribers' employees.

11.      In early July, 2012, CCEG learned from Moon that ACS did not have sufficient funds to cover payroll for the Subscribers, even though the Subscribers had transmitted the appropriate amount of funds to CCEG to cover payroll costs.

12.      CCEG did an internal investigation which revealed a multitude of frauds perpetrated by ACS and/or Moon resulting in the diversion and conversion of several million dollars of CCEG funds.

13.     One such fraud was a scheme whereby someone (believed to be John Moon) caused fraudulent, unauthorized transfers of funds to be taken from CCEG's bank account from May 2009 through June 2012 (the "Wire-Transfer Fraud").  The Wire-Transfer Fraud resulted in the diversion of approximately $900,000-$1,000,000 of CCEG funds.

14.     The loss from the Wire-Transfer Fraud was discovered prior to the inception of the Federal Policy.  CCEG identified this loss on its January 2013 application to Federal which resulted in the issuance of the Federal Policy.

15.     In May 2013, CCEG discovered a second loss, also believed to be perpetrated by John Moon, caused by the theft of certain negotiable instruments (the "Check Theft"). Specifically, CCEG discovered in May 2013 that from 2002 through 2009, Mr. Moon stole and subsequently converted at least $1,113,362.86 in checks written to CCEG by one of its Subscribers, Fry Heating and Plumbing.

16.     The Check Theft was first discovered during the policy period of the Federal Policy.

17.     CCEG timely and properly submitted a claim under the Federal Policy for the Check Theft.

18.     By letters dated November 21, 2013 and January 28, 2014, Federal has refused to provide coverage for the Check Theft under the Federal Policy's Crime Coverage Part.

**FIRST CAUSE OF ACTION**
**Declaratory Judgment**

19.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 as if fully restated herein.

20.     CCEG is the named insured under the Federal Policy.

21.     The Federal Policy obligates Federal to provide coverage for theft, including the Check Theft described above.

22.     CCEG has complied with all conditions precedent to coverage under the Federal Policy.

23.     Federal has denied coverage under the Federal Policy, and has refused to indemnify CCEG.

24.     An actual controversy of a justiciable nature exists between the parties, and this controversy is of sufficient immediacy to justify the issuance of a declaratory judgment.

## SECOND CAUSE OF ACTION
### Breach of Contract

25.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 24 as if fully restated herein.

26.     Federal breached the terms of the Federal Policy by refusing to provide coverage to CCEG for the Check Theft as described above.

27.     As a direct and proximate result of Federal's material breach of contract, CCEG has suffered monetary damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Construction Contractors Employer Group, LLC respectfully requests judgment against defendant Federal Insurance Company as follows:

a.     A judgment declaring that CCEG is entitled to coverage for the Check Theft under the Federal Policy;

b.     A judgment declaring that Federal must indemnify CCEG for the Check Theft described above;

c.      A judgment awarding CCEG compensatory damages in excess of $75,000 for

breach of contract; and

d.      All such other relief that this Court may deem equitable and proper.

**CONSTRUCTION CONTRACTORS
EMPLOYER GROUP, LLC**

By: /s/ Steven R. Smith
     Reginald S. Jackson, Jr. (0003558)
     E-mail: rjackson@cjc-law.com
     Steven R. Smith (0031778)
     Email:  ssmith@cjc-law.com
     Adam S. Nightingale (0079095)
     Email:  anightingale@cjc-law.com
     CONNELLY, JACKSON & COLLIER LLP
     405 Madison Avenue, Suite 2300
     Toledo, Ohio  43604
     Telephone:     (419) 243-2100
     Fax:              (419) 243-7119